IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAURO ABEL GRIMALDO, #82728-179 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:13CV347 |
| | § | CRIMINAL ACTION NO. 4:08CR104(13) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Movant Lauro Abel Grimaldo, a federal prisoner, proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND**

On August 26, 2009, a jury found Movant guilty of conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute a controlled substance, in violation of 21 U.S.C. § 846. The court sentenced Movant to 360 months of imprisonment on May 13, 2010. On February 6, 2012, the United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence. In its opinion, the Fifth Circuit specifically found that:

1. Movant waived his severance argument;

2. The court did not err by denying Movant's motion to suppress evidence;

3. The court's finding of the amount of drugs attributable to Movant was not clearly

erroneous;

4. The court did not clearly err in finding that Movant had a leadership role in the conspiracy; and

5. The court's failure to adequately explain the reasons for sentencing did not affect Movant's substantial rights.

On June 18, 2012, the Supreme Court for the United States denied Movant's petition for writ of certiorari. The instant motion was filed on June 20, 2013. In it, Movant claims that he is entitled to relief based on ineffective assistance of counsel. Specifically, he claims that counsel:

1. Failed to prepare for trial;

2. Failed to conduct plea negotiations;

3. Failed to object to alleged false testimony of government agents and informants;

4. Failed to raise alleged *Brady* violations;

5. Failed to impeach government witnesses; and

6. Failed to move for severance.

The Government filed a response, asserting that Movant's claims are without merit and are not supported by the record. It also filed an affidavit from Movant's trial counsel, Garland Cardwell:

> I obtained, reviewed, and analyzed substantial discovery in his case, provided [Mr. Grimaldo] with copies of all of the discovery in the case for his review and consideration, and had numerous personal and phone conferences with both Mr. Grimaldo and his wife concerning the evidence and discovery in his case. I also secured from the Assistant United States Attorney handling the case a proposed Plea Agreement and Factual Statement in the case, analyzed that proposed Plea Agreement under the appropriate provisions of the United States Sentencing Guidelines, and met with Mr. Grimaldo, either personally or on the phone a number of times to discuss the proposed Plea Agreement, and the benefits and advantages to him of accepting the proposed Plea Agreement as opposed to going to a jury trial in his case. Based upon the substantial drug quantities involved in the case, as well as my evaluation of the evidence and testimony which would be given against Mr.

Grimaldo in the case, it was my advice to him that he should accept the proposed plea offer in the case and agree to cooperate with the Government against other co-defendants so that he would not be exposed to a sentence in excess of the ten (10) year minimum in the case.

Against my advice, Mr. Grimaldo elected to proceed to a jury trial in his case along with two (2) other co-defendants, which jury trial lasted a little more than one (1) week. After which trial the jury returned a verdict finding Mr. Grimaldo guilty of the conspiracy charged as alleged in the Indictment. At that point, Mr. Grimaldo was ordered into custody by the District Judge handling the case, and the case continued to proceed toward an ultimate sentencing hearing in the case. Prior to trial, I did file a Motion to Suppress a statement that had been given by Mr. Grimaldo subsequent to his arrest, which contained a number of incriminating statements, but the trial court ruled that the Motion to Suppress should be denied, and ultimately that ruling was upheld by the Fifth Circuit Court of Appeals. A pretrial issue was also raised in the case by Mr. Grimaldo and other co-defendants concerning whether or not the cases against the defendant should be severed, but those motions were also denied by the trial court, and the trial court's ruling was upheld on appeal by the Fifth Circuit.

Subsequent to the jury verdict, I continued to represent Mr. Grimaldo toward his sentencing, and personally met with Mr. Grimaldo and an officer of the United States Probation Office to proceed toward preparing an appropriate Presentence Investigation Report in his case. Upon receipt of the Presentence Investigation Report, I provided a copy of that Report to Mr. Grimaldo, and met with him personally on at least one (1) occasion to discuss the contents of the Presentence Report and any objections which should be filed to the Report. Pursuant to those meetings, I did prepare and file a number of objections to the Presentence Report, as well as a lengthy (20) page Sentencing Memorandum on behalf of Mr. Grimaldo prior to his sentencing. At sentencing, the objections that were filed on Mr. Grimaldo's behalf were overruled by the trial court, and Mr. Grimaldo was sentenced to (360) months confinement and committed to the custody of the United States Bureau of Prisons.

. . .

My overall representation of Mr. Grimaldo in the trial court and on appeal spanned a period of approximately some three (3) years, and consisted of a total of (235.4) hours representing Mr. Grimaldo in the trial and sentencing phases of his case, as well as an additional (32) hours representing Mr. Grimaldo as the Appellant on his direct appeal to the Fifth Circuit Court of Appeals. I diligently and effectively represented Mr. Grimaldo during all aspects of his case, and I appropriately evaluated his case and advised him concerning all aspects of his case, and I appropriately evaluated his case and advised him concerning all of the options available to him

3

during the course of my representation of Mr. Grimaldo in this case. Contrary to Mr. Grimaldo's allegations in his motion, I was fully prepared for the trial of his case, and I had numerous meetings and phone calls with him concerning the case. It was often difficult to have face to face meetings with Mr. Grimaldo because he had been released on pretrial conditions of release in the case, and was living and working in the Houston, Texas, area and because of these situations, it was difficult for him to schedule appointments to come and meet with me personally in Sherman, Texas. Mr. Grimaldo alleges in his motion that I was retained by him with his own funds, and I would state emphatically that the records show I was in fact court-appointed to represent Mr. Grimaldo in the case and on appeal, and that I never received any personal funds from him towards such representation. Mr. Grimaldo never provided me, although requested to do so, with any names or addresses of any potential witnesses who might be able to assist in the defense of his case, and based upon my review of the facts surrounding his case, I could not believe that there would be any benefit of having an investigator appointed to further investigate the matter on Mr. Grimaldo's behalf.

Finally, in relation to Mr. Grimaldo's allegations that I did not adequately explore appropriate plea bargain dispositions in this case, such an allegation is completely untrue. I diligently explored with the attorney for the Government the most favorable plea bargain I could on Mr. Grimaldo's behalf which would have included possible assistance by Mr. Grimaldo and a possible Motion for Downward Departure on his behalf, which I believe could have resulted in a possible sentence of no more than ten (10) and possibly less than the ten (10) year minimum sentence in his case. These proposed plea bargains were discussed in detail with Mr. Grimaldo in conjunction with the provisions of the United States Sentencing Guidelines, and the options available to Mr. Grimaldo were discussed in detail concerning the advantages and disadvantages of accepting such plea bargain dispositions as opposed to taking his case to a jury trial. After all of these discussions, Mr. Grimaldo elected to proceed with a jury trial in his case. During the course of the jury trial, an undercover recording which was made by one of the co-defendants who ultimately testified against Mr. Grimaldo surfaced in the case, and although the Government agreed not to use this recording against Mr. Grimaldo, she felt it was appropriate to once again extend that same proposed plea offer to Mr. Grimaldo since knowledge of this recording might have affected his decision as to whether or not to proceed with a jury trial in his case. After reviewing the very incriminating evidence with Mr. Grimaldo and his wife, he still insisted on continuing with a jury trial in his case rather than accepting the more reasonable plea offer being made by the Government's attorney. When this incriminating evidence came to light, it became obvious that Mr. Grimaldo had not been truthful with me about the level of his involvement in this case, and although I strongly encouraged him to accept the proposed Plea Agreement as to opposed to proceeding with a jury trial, he still elected not to follow my advice and to proceed with the jury trial in his case.

Movant did not file a Reply.

## FEDERAL HABEAS CORPUS RELIEF

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

Movant asserts that he is entitled to relief based on numerous instances of ineffective assistance of counsel.

**Legal Standard**

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). To succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id*., 466 U.S. at 690, 104 S. Ct. at

2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

**Failure to Prepare for Trial**

Movant asserts that his counsel was ineffective because he failed to properly prepare for trial. Specifically, Movant claims that counsel did not discuss trial strategies with him, did not attempt to get information that would impeach government witnesses, and met with him only three times,

It is well-settled that trial counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982); *Gregory v. Taylor*, 601 F.3d 347, 354 (5th Cir. 2010).

Movant fails to state what further preparation should have been done and how it would have made a difference in his case. He fails to state what counsel would have found had he investigated further or how it would have altered the outcome of his case. Movant fails to meet his burden.

*Gregory*, 601 F.3d at 354.

The court also notes that brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel. *Murray v. Maggio*, 736 F.2d 279, 283-84 (5th Cir. 1984). Movant's trial counsel stated in his affidavit that he spent well over 200 hours on Movant's case, that he communicated with Movant and Movant's wife numerous times discussing the evidence and strategies. He also stated that, although he had requested it, Movant failed to provide names and contact information on any possible witnesses that would benefit his case. Movant's claim that counsel's preparation or investigation was insufficient cannot be upheld where the allegation is too speculative to overcome the strong presumption of competency and the high burden of actual prejudice required to show ineffectiveness. *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**Failure to Seek a Plea Agreement**

Movant next claims that he instructed counsel to seek a plea agreement, but that counsel failed to comply. To succeed on a claim of ineffective assistance of counsel at the plea stage, a movant must show:

> [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, — U.S. —, 321 S. Ct. 1376, 1385, 182 L. Ed.2d 398 (2012).

Movant presents nothing from the record, or otherwise, to show that counsel failed to negotiate a plea agreement. Contrary to his assertion, trial counsel stated that a plea agreement offer was sought and obtained, but Movant declined the offer - twice. Movant fails to show that, but for trial counsel's alleged deficient performance, he would have taken his chances at trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985); *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

**Failure to Object to Testimony by Government Witnesses**

Movant next claims that counsel was ineffective for failing to object to the alleged false testimony of Government witnesses at trial. A trial counsel's failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel).

To succeed on a claim for failure to object, a movant must show that the trial court would have sustained the objection and that it would have actually changed the result of his trial. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's

conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Movant fails to state which Government witness allegedly gave false testimony. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Furthermore, the weight and credibility of evidence is within the sole province of the jury. *United States v. Martinez*, 975 F.2d 159, 160-61 (5th Cir. 1992). It was up to the jury to determine if it believed a witness's testimony and the weight to be given to the testimony. Movant also fails to show that the court would have sustained the objection and that it would have actually changed the result of his trial. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green*, 160 F.3d at 1037. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**Failure to Object to *Brady* Violations**

Movant asserts that counsel was ineffective for allowing violations under *Brady* to happen without objecting. In *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed.2d 215 (1963). The prosecution "need not disgorge every piece of evidence in its possession . . . [but] has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilt." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). In addressing a *Brady*

claim, the Fifth Circuit explained that a defendant must prove:

> (1) the prosecution suppressed evidence;
>
> (2) the suppressed evidence was favorable to the defense; and
>
> (3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. The materiality of the evidence is evaluated in light of the entire record. *See Lagrone v. State*, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997). The Fifth Circuit also requires that a movant show that "discovery of the allegedly favorable evidence was not the result of a lack of due diligence." *Rector*, 120 F.3d at 558. The Government does not have a duty to disclose information that is available from other sources. *Id*. at 559. Additionally, the mere possibility that a piece of information might have helped the defense does not establish materiality in the constitutional sense. *Id*. at 562.

Movant again fails to point to any evidence, from the record or otherwise, to show that the Government withheld material exculpatory evidence. He fails to show that the Government suppressed the evidence. He fails to identify evidence that was material and favorable to his defense that was suppressed. Movant wholly fails to establish the *Brady* requirements. He has presented nothing other than his conclusory allegation, which is insufficient for habeas relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Furthermore, contrary to Movant's assertion, counsel stated in his affidavit that he received and reviewed the entire discovery in Movant's case. Movant fails to show the *Brady* material that the Government allegedly withheld, that the trial court would have sustained the objection, and that

10

it would have actually changed the result of his trial. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green*, 160 F.3d at 1037.

**Failure to Impeach Government Witnesses**

Movant asserts that trial counsel was ineffective for failing to impeach the confidential informants who testified at trial. When claiming that counsel is ineffective for inadequate cross-examination of a government witness, a movant must make a "concrete" showing of what the testimony would have been had counsel conducted a more extensive cross-examination. *Day v. Quarterman,* 566 F.3d 527, 539-40 (5th Cir. 2009). Movant fails to state how counsel should have impeached any witness or what further cross-examination of any witness would have elicited. He has presented nothing other than his conclusory allegation, which is insufficient for habeas relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**Failure to Move for Severance**

Lastly, Movant claims that he was prejudiced by counsel's failure to move for severance from his co-defendants at trial. The Fifth Circuit has held that when severance is not required as a matter of law, counsel's failure to seek such relief does not constitute incompetency. *United States v. Garza,* 563 F.2d 1164, 1166 (5th Cir. 1977). The court noted that when it is not required as a matter of law, the failure to seek such relief can amount to nothing more than a "mistaken tactical decision." *Id*.

The record shows that one of Movant's co-defendants moved to sever the trials, and the court

denied the motion. Although the Fifth Circuit concluded that Movant had waived this issue, Movant cannot show prejudice based on his co-defendant's motion to sever that was denied. He fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant's issues are without merit.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies

a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is recommended that the court find that Movant is not entitled to a certificate of appealability.

## RECOMMENDATION

It is recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and his case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to

factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of April, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE